UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUND ELECTRICAL WORKERS HEALTHCARE TRUST et al., <br><br> Plaintiff(s), <br><br> v. <br><br> FARGO ELECTRICAL, INC., et al. , <br><br> Defendant(s). | CASE NO. C24-02012-KKE <br><br> ORDER DENYING MOTION FOR DEFAULT JUDGMENT |

Plaintiffs move for default judgment against Defendants Fargo Electrical, Inc. ("Fargo") and Raymond Joseph Restrepo. Dkt. No. 14. Plaintiffs are joint labor-management trusts that provide healthcare, pension, defined contribution, vacation, and training benefits under the Employee Retirement Security Act ("ERISA") to various unions. Dkt. No. 1 at 2. Fargo is a Washington corporation, and Mr. Restrepo is its owner and sole governor. *Id.*

Defendants signed Master Labor Agreements which required Fargo to pay fringe benefits to Plaintiffs monthly, for each hour of covered work performed by Fargo employees. Dkt. No. 1 at 4. The Master Labor Agreements also required Fargo to provide monthly reports and contributions payments to Plaintiffs. *Id.* at 5. Fargo agreed to pay Plaintiffs liquidated damages, interest, attorney fees, and collection costs for any delinquency. *Id.*

In August 2021, Plaintiffs filed suit against Defendants in another case in this district for its delinquency in April 2021. *See Puget Sound Electrical Workers Healthcare Trust, et al. v.*

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 1

*Fargo Electrical, Inc. et al.*, No. 2:21-cv-01051-JCC, Dkt. No. 1 (W.D. Wash. Aug. 6, 2021). The parties settled the action. The Honorable John C. Coughenour dismissed the case without prejudice and retained jurisdiction to enforce the settlement terms, "including the installment payment plan, personal guaranty, and confession of judgment." *Id.*, Dkt. No. 16 at 2 (W.D. Wash. Nov. 17, 2021). Then, in December 2024, Plaintiffs filed a complaint before this Court for Defendants' failure to comply with the settlement agreement. Dkt. No. 1 at 8–10 (asserting claims for breach of contract, ERISA violations, and breach of personal guaranty). All the requests made in the complaint relate to the enforcement of the settlement agreement. *Id.* at 10–11.

Because Judge Coughenour retained jurisdiction to enforce the settlement agreement in the prior action, Plaintiffs' default judgment and motion for entry of judgment by confession should not be brought as a separate case here. Rather, consistent with Judge Coughenour's order, Plaintiffs' action to enforce its rights under the settlement agreement, "including the installment payment plan, personal guaranty, and confession of judgment" should be brought in the prior case. Therefore, the Court DENIES without prejudice Plaintiffs' motion for default judgment and entry of judgment by confession (Dkt. No. 14) and DISMISSES this case without prejudice. The Court directs the clerk to close the case.

Dated this 3rd day of June, 2025.

Kymberly K. Evanson
United States District Judge